## Christine Krum v. William S. Downey.

*Bill of sale—Security—Filing—Failure to renew—Rights of execution creditor.*

A husband gave his wife a bill of sale as security for an indebtedness due her from him, and retained the possession of the property. The bill of sale was filed in the proper office, and, while unrenewed, the property was seized under an execution against the husband, and replevied by the wife. There was no evidence tending to show that the property was afterwards turned over to the wife as her property. And it is held that the defendant was entitled to an instruction that the plaintiff could not recover.[1]

Error to Kalamazoo. (Buck, J.) Submitted on briefs January 2, 1894. Decided January 26, 1894.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*S. M. Constantine*, for appellant.

*Howell, Carr & Barnard*, for plaintiff.

McGrath, C. J. Replevin is brought for property seized upon an execution running against plaintiff's husband.[2] Plaintiff claims certain of the articles under a bill of sale executed by her husband to her, dated July 3, 1885. Other articles are claimed under instruments of later date, and still others are claimed to be her individual property, irrespective of either of the writings.

The bill of sale first mentioned was, at its date, filed with the town clerk, but no affidavit of renewal has been

---

[1] For cases bearing upon the construction of How. Stat. §§ 6193, 6196, which provide for the filing and renewal of chattel mortgages, see *Watson v. Mead*, 98 Mich. 330, and note.

[2] The judgment was rendered in a suit commenced September 12, 1890, for the amount due upon a note dated November 15, 1884.

since filed. ⌐Plaintiff's husband testifies that it was given to secure the payment of certain notes held by the wife, and plaintiff testifies that the first bill of sale was "to secure her for those notes." The record contains no evidence tending to show that the articles claimed under this bill of sale were afterwards turned over to the wife as her property, and defendant was entitled to the instruction that, as to these articles, plaintiff could not recover.

The judgment is therefore reversed, and a new trial ordered.

The other Justices concurred.